# CASES ARGUED AND DETERMINED

IN

# THE SUPREME COURT.

## APRIL TERM, 1855.

~~~~~~~~~~~~~~~~~~~~~~

THE CITY OF SAN FRANCISCO, Respondent, *v.* KELSEY HAZEN, Appellant.

The charter of the City of San Francisco provides, that no ordinance or resolution shall be passed except by a majority of all the members elected. The number of members elected being eight; *held*, that an ordinance passed by a vote of four in the affirmative to three in the negative, was not passed by a majority of all the members elected, and was therefore void.

In construing statutes, force and effect should be given to every part of them.

Where a law is capable of two constructions that one must be adopted which will preserve the sense as well of the several parts, as of the whole Act.

APPEAL from the Superior Court of the City of San Francisco.

The action was brought upon two promissory notes given by the defendant for the purchase of two lots in the City of San Francisco.

On the 5th day of December, 1853, the Common Council of the City of San Francisco passed an ordinance, providing for the sale of certain city property. The property was sold under this ordinance, and the defendant was one of the purchasers.

Previous to the passage of the ordinance, one of the Board of Assistant Aldermen resigned his office, leaving in the Board only seven members, one less than the number originally elected as provided for by law.

22

The ordinance authorizing this sale was passed by a vote of four in the affirmative to three in the negative.

The first section of the third article of the charter of San Francisco, passed April 15, 1851, and the charter under which the Council was elected that passed this ordinance, provides that "the legislative power of the city shall be vested in a Board of Aldermen and a Board of Assistant Aldermen, which shall each consist of one member from each ward, and shall form the Common Council of the city."

The second section provides that "a majority of each Board shall constitute a quorum, but a smaller number may adjourn from time to time, and may compel the attendance of absent members. Either Board may originate or amend any ordinance or resolution, and no ordinance or resolution shall be passed except by a majority of all the members elected."

The case was tried by the Court without a jury, who found the facts as above stated. The complaint contained the usual counts, to which defendant pleaded a general denial, and failure of consideration.

The failure of consideration contended for, at the trial, was that the sale made under the ordinance before mentioned, conveyed no title to the defendant, because the ordinance authorizing the sale was void, in consequence of its not having been passed by a majority of all the members elected.

The Court found that the ordinance was passed in due form of law, and gave judgment for the plaintiff. Defendant appealed.

*Pringle & Felton* for Appellant.

The ordinance authorizing the sale of the land, which is the alleged consideration of the promissory notes declared on in this suit, is void, because not passed by a legal majority in the Board of Assistant Aldermen. Charter of the City of San Francisco. Art. III, sec. 2, Comp. Laws of Cal., p. 944. Ang. & Ames on Corp., sec. 501 to 511, p 519. *Ex parte* Willcocks, 7 Cow., 492, and note. Rex *v.* Bellringer, 4 Term R., 810. Rex *v.* Devonshire, 1 B. and C., 609. Rex *v.* Morris, 4 East., 26.

*Lorenzo Sawyer* for Respondent.

Argued, that as the ordinance was passed by a majority of those members present and voting upon it, that the judgment of the Court

below was correct. King v. Hoyt, 6 T. R., 430. King v. Gent, 8 Barn. and Cress., 363. 1 Ib., 609. King v. Courtney, 9 East., 246. 4 T. R., 823. King v. Miller, 6 Ib , 280. Cahill v. Kalamazoo Ins. Co., 2 Doug. Mich. R., 137. Smith v. Morse, 2 Cal., 554.

Murray, C. J., delivered the opinion of the Court. Heydenfeldt, J., concurred.

The first and second sections of the third article of the charter of the city of San Francisco, passed April 15, 1851, provide, that "the legislative power of the city of San Francisco shall be vested in a Board of Aldermen and a Board of Assistant Aldermen, which shall each consist of one member from each ward, and shall form the Common Council of the City. A majority of each Board shall constitute a quorum, but a smaller number may adjourn from time to time, and may compel the attendance of absent members. Either Board may originate or amend any ordinance or resolution, and no ordinance or resolution shall be passed, except by a majority of all the members elected."

The ordinance under consideration in this case was passed by a vote of four in the affirmative to three in the negative; there being a vacancy in the Board by reason of the resignation of one member.

The first position assumed by the appellant is, that the ordinance is void, because five members, a majority of eight, the whole number originally elected, did not vote in favor of its passage.

On the part of the respondent, it is claimed that the word "elected," as used in the second section already quoted, is not to be taken in its past, but perfect or present sense, and must be limited to those actually in office, without regard to those who may have resigned. In construing statutes, force and effect should be given to every part of them. Thus, where a law is capable of two constructions, that one must be adopted which will preserve the sense, as well of the several parts, as of the whole Act. Testing the present case by this rule, it is apparent, that either the second or fourth subdivision of the second section of the third article, before quoted, are redundant, if the doctrine contended for by the respondent is correct; the second subdivision having provided that a majority of the members elect shall constitute a quorum, the fourth but re-enacts the same provision. Such is not the case. The charter has provided the number of members in each Board; the

second section provides that a majority of each Board shall constitute a quorum for the transaction of business. The number of members being eight, five would constitute a quorum; and by the fourth subdivision, a majority of all the members elected (which would be five) must vote in favor of every ordinance or resolution. If such is not the plain meaning of the section, and if the word "elected" is to be taken in its present sense as applying to members actually in office, it follows as a necessary consequence, that by resignation, or otherwise, the Board may be reduced to one member, and he would be as competent to act as a full Board.

The respondent's counsel has very ingeniously argued that the words "passed by a majority," &c., do not necessarily imply a consent or acquiescence, but only a presence or participation in the act; as thus, if five were present, three voting in the affirmative and two in the negative, the ordinance might be said to be passed by the whole as a body. To illustrate this position, we have been referred to the Constitution of the United States, as well as of this State; in both of which, different language has been employed.

We think they afford no argument; more especially when it is apparent, as we have already shown, that to maintain this construction, a part of the section must be treated as redundant and superfluous, particularly when the whole scope of the charter shows clearly the intention of the Legislature to fetter and curb the action of the Council, so as to prevent the passage of any ordinance or resolution, unless by an actual concurrence of a majority of all the members elected to each Board.

Judgment reversed, with costs.