# Wm. H. Rice, for the use of Edward H. Turner, v. The City of Chicago.

1. Municipalities—*May Abandon Public Improvements.*—A municipality may abandon a public improvement, such as opening a street at any time before it takes possession of the property.

2. Condemnation Proceedings—*Nature of the Judgment for Compensation.*—The judgment awarding compensation to be paid for the land taken does not pass either title or possession to the municipality, but merely the right to take possession upon payment of the sum awarded. It is in all such respects only a conditional judgment, and until the condition is performed both title and possession remain in the owner, and the judgment remains not enforceable.

3. Same—*Conveyance of Land After Judgment.*—A conveyance of land against which a judgment for compensation in condemnation proceedings has been entered, passes the title to the land, subject to such title being divested upon payment of the compensation awarded by the condemnation judgment.

4. Same—*Possession by Consent of Owner.*—If by the owner's consent, either expressed or implied, the property is taken or damaged before compensation is made, the owner has a vested right in the compensation.

5. Same—*What Does Not Constitute Taking Possession.*—The fact that people living in the neighborhood of premises condemned for public use, and others having occasion to pass that way, drive or walk over the same whenever desirable to do so, does not constitute a taking possession by the municipality under the condemnation proceedings.

6. Same—*Compensation. Where Property is Sold Pending Suit.*—Where property is conveyed during condemnation proceeding and before possession is taken, the person entitled to compensation is he who is the owner when the possession is taken by the municipality.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Common counts; money due for compensation for property taken for public use; plea of nonassumpsit; trial by the court; finding and judgment for defendant; error by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

Appellant's Brief, C. Porter Johnson, Attorney; Consider H. Willett, of Counsel.

A condemnation judgment draws interest after the condemning party uses the land for the purposes for which it was condemned. Phillips v. South Park Comm., 119 Ill.

626; Railroad v. McClintock, 68 Ill. 296; Cook v. South Park Comm., 61 Ill. 115; Chicago v. Wheeler, 25 Ill. 478.

When a municipal corporation takes land for the public use the title passes by operation of law, without any conveyance, and the transfer is not within the statute of frauds.    Tamm v. Kellogg, 49 Mo. 118.

A deed will not be presumed to be delivered until after its acknowledgment.   So the deed in question was delivered January 8, 1875.   Blanchard v. Tyler, 12 Mich. 339.

A condemnation judgment may be assigned.  Spears v. New York, 87 N. Y. 359; Smith v. R. R., 88 Tenn. 611.

Assumpsit may be maintained upon a condemnation award.   Wheeler v. Chicago, 24 Ill. 105; Chicago v. Wheeler, 25 Ill. 478.

A reasonable time having elapsed in which to collect the special assessment an action will lie to recover the condemnation judgment.   Maher v. Chicago, 38 Ill. 266; Chicago v. People, 56 Ill. 327; Chicago v. People, 48 Ill. 417; Stafford v. Albany, 7 John. 541; Sage v. Brooklyn, 89 N. Y. 189; McCormick v. Brooklyn, 108 N. Y. 49; Reilly v. Albany, 112 N. Y. 30; Commercial Nat'l Bk. v. Portland, 24 Or. 188.

Public travel of a street by invitation or acquiescence of the proper municipal authorities establishes a street from the time of such travel.   Marcy v. Taylor, 19 Ill. 634; Rees v. Chicago, 38 Ill. 322; Smith v. Town of Flora, 64 Ill. 95; Davidson v. Reed, 111 Ill. 169; Devoe v. Smeltzer, 80 Ill. 385.

The use of property as contemplated by the proceedings to condemn renders the award an absolute judgment separate and distinct from the land, and thereafter a warranty deed will not assign such judgments to the grantee but it will remain with the grantor.   Randolph on Eminent Domain, Sec. 306; Lewis on Eminent Domain, Sec. 318, p. 420; Dillon on Mun. Corp., Sec. 614 n.; King v. New York, 102 N. Y. 171; Pomeroy v. R. R., 25 Wis. 641; Smith v. R. R., 88 Tenn. 611; Hilton v. St. Louis, 99 Mo. 199; R. R. v. Strange, 63 Wis. 178; Louch's App., 109 Pa. St. 72; Camp-

bell v. Philadelphia, 108 Pa. St. 300; Warrell v. R. R., 130 Pa. St. 609; Schuylkill Nav. Co. v. Decker, 2 Watts (Pa.) 243; Tenbrooke v. Jahke, 77 Pa. St. 392; Carli v. R. R., 16 Minn. 263; Lewis v. R. R., 38 S. C. (11 Rich.) 91; R. R. v. Allen, 100 Ind. 408; McLendon v. R. R., 54 Ga. 293; Rand v. Townshend, 26 Vt. 670; Wood v. Com., 122 Mass. 394; Dunlap v. R. R., 50 Mich. 470; Home In. Co. v. Smith, 28 Hun (N. Y.) 296.

APPELLEE'S BRIEF, JOHN MAYO PALMER, BYRON BOYDEN, AND WILLIAM GIBSON, ATTORNEYS.

The judgment is conditional, and unless the conditions are complied with within a reasonable time, viz., the payment of damages and the taking possession of the property condemned, the proceedings would be regarded as abandoned. Until then the owner is entitled to the absolute control and use of his property. Beveridge v. W. Chi. Pk. Commrs., 7 Ill. App. 460; Chicago v. Barbian, 80 Ill. 482; Chicago v. Palmer, 93 Ill. 125; South Pk. Comrs. v. Dunlevy, 91 Ill. 49.

Until possession is taken owner has no right to the price fixed by the condemnation judgment. Lewis on Em. Domain, p. 837; C. & N. W. Ry. Co. v. Chicago, 148, Ill. 151; Ayer v. Chicago, 149 Ill. 268; Chicago v. Barbian, 80 Ill. 487.

Mere traveling over a piece of property by the public does not make it a public highway. Forbes v. Balenseifer, 74 Ill. 187; Willey v. People, 36 Ill. App. 615; City v. Stinson, 124 Ill. 514.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

At the time the condemnation proceedings were instituted by the village of Hyde Park for the opening of Forrestville avenue (now Langley avenue), from 41st street to 47th street, the appellant, William H. Rice, was the owner of certain premises fronting south on 42d street, of which the east thirteen and three-tenths feet were proposed to be taken

for the projected improvement, and he continued to be such owner when, on December 29, 1873, judgment in such proceedings was had, and the sum of $970.90 was awarded to the owner or owners of said thirteen and three-tenths feet.

Subsequent proceedings to abandon the improvement, or some portion of it, are not considered to be necessary of mention in this opinion.

Afterward, and between October 26, 1888, and March 31, 1891, a special assessment was levied and collected, and the money received by the city of Chicago (to which the village of Hyde Park had become annexed), to pay for the land taken for the improvement, and the city is and has been since the assessment was collected, ready and willing to pay to the proper party the sum so awarded, with interest thereon from the time possession of said thirteen and three-tenths feet was taken by the village of Hyde Park.

The main question, therefore, is whether the appellant is the party lawfully entitled to the compensation that was awarded.

As already stated, the appellant, Rice, was the owner of the premises in question when the condemnation proceedings were begun, and when, in those proceedings, the compensation of $970.90 was awarded.

Whether he was such owner at the time possession of the thirteen and three-tenths feet was taken by the village of Hyde Park, will be considered further on.

On November 12, 1874, Rice, the appellant, conveyed the lot of which the thirteen and three-tenths feet formed a part to John M. and Augustus French, by a full covenant warranty deed of that date, and the deed was duly recorded on January 8, 1875, and, under the conveyance, the grantees took possession of the land conveyed, at about the date of the record of the deed. The abstract of title to the property disclosed to the purchasers for the first time the fact that a portion of the land had been condemned, and that circumstance was a subject of conversation between Rice and them. It is well settled in this State that a municipality may abandon a public improvement, such as a street opening,

at any time before it has taken possession of the property. The judgment awarding the compensation to be paid for the land taken, does not pass either title or possession to the municipality, but merely the right to take possession upon payment of the sum awarded. It is in all such respects only a conditional judgment, and until the condition is performed, both title and possession remain in the owner, and the judgment remains not enforceable. C. & N. W. Ry. Co. v. Chicago, 148 Ill. 141; Chicago v. Barbian, 80 Ill. 482.

The conveyance, therefore, from Rice to French, operated to convey the title to the land condemned with the same effectiveness and completeness as it did the other premises included in the conveyance, subject, however, to such title being divested upon payment of the compensation awarded by the previous condemnation judgment.

It is doubtless true that if, by the owner's consent, either express or implied, the property is taken or damaged before compensation is made, the owner has a vested right in the compensation. Chicago v. Barbian, *supra;* Chicago v. Shepard, 8 Ill. App. 602.

It seems quite clear from the evidence that both Rice and French were willing that the village should take possession of the land in advance of the payment of compensation, but the village certainly did not take possession of the particular thirteen and three-tenths feet until a considerable time after the conveyance to French. That lot was not inclosed, and that people living in the neighborhood, and many others having occasion to pass there, drove and walked across the particular piece whenever it was desirable to do so, is probable; but such conduct on the part of individuals composing the general public does not constitute a taking possession by the municipality under the condemnation proceedings.

It is said in Chicago v. Shepard, *supra,* which was an action to recover the amount of compensation awarded in a street extension case, "The essential elements of such cause of action and upon which alone a recovery can be had, if at all, are (1), a good title in fee in himself at the time, to the portion of his lot which the defendant sought to have condemned for public use; (2) a regular judgment

in his favor of a court of record of the county, ascertaining the amount of compensation to be paid him for the portion of said lot so sought to be condemned; and (3) the taking and retention of the possession by the defendant of such portion of said lot, after such judgment, with the consent of the plaintiff. The cause of action does not spring from such judgment alone, but from the concurrence of all of the above elements or ingredients." It is admitted that the city was, at the time of the trial below, in possession of the particular thirteen and three-tenths feet in question, but we are unable to discover from the record when such possession as would be sufficient to bind the city, or its predecessor, the village of Hyde Park, first took place.

Upon the authority of Chicago v. Shepard, *supra*, the act testified to, concerning what was done by subordinate officers in recognition of the fact of a street existing at the point in question, could not bind the municipality, and could not create a lawful contract by the city to pay money for private property, however desirable, for a local improvement. But it is very certain that no possession was taken during Rice's ownership, that amounted to a binding act against the village. And, upon the authority of all the cases, there is no vested right in the owner to the compensation until after the taking of possession by the party condemning.

Now, the rights of the owner to the compensation, having a correlative and reciprocal relation with the right of a condemning party to take possession, the existence of one depending upon the existence of the other, as was held in Chicago v. Barbian, *supra*, it must, we think, follow, that the owner, who is entitled to the compensation, is he who was such owner when the possession was taken.

Rice was, as we have said, most clearly not the owner when the possession was taken, and the Circuit Court rightly held that he could not recover. And this conclusion seems to be most just when applied to the facts of this case. Rice sold and conveyed the whole property to French by a warranty deed without reservation or exception. If the improvement had been wholly abandoned, as it was in the

power of the village to have done, there can be no question but that French or his assigns would have held the title, relieved of the conditional judgment against the strip that was sought to be taken. With the subsequent taking of the strip by virtue of the conditional judgment, who but the then owner might claim the compensation by virtue, also, of the correlation between the parties created by such conditional judgment? There was no damage to the land until it was taken, and the owner at the time of taking was the only person entitled to the compensation for the taking.

We do not discuss the facts as to whether other property within the line of the improvement was taken possession of during Rice's ownership. Probably there was no binding possession taken of such property by any competent authority within the rules heretofore indicated. But if there was, as said in Chicago v. Shepard, *supra*, with reference to the rights of several owners of property, some of which had been taken possession of, and some not, "we can conceive of no principle of law by which one such property owner could be affected, either favorably or unfavorably, by anything done between the city and another property owner, in which the former had no participation." See, also, Rees v. Chicago, 38 Ill. 322.

We do not intend by anything here said to indicate who is entitled to the compensation awarded for the thirteen and three-tenths feet in question, for there is no claimant thereto, in this record, except the appellant, whose right to it we concur with the Circuit Court in denying, and the judgment against him is affirmed.