## Warren L. Scott v. Frederick L. Schnadt.

1.   COURTS—*Power to Extend Time to File Bill of Exceptions.*—The time for filing a bill of exceptions may be extended at a term subsequent to that at which the judgment or decree was entered, without notice to the opposite party, where the time for filing has not expired when the order of extension is made.

2.   DAMAGES—*Failure to Deliver Stock—Value of Stock Must be Proved.*—A person agreeing to do certain work for a specified number of shares of the stock of a corporation is entitled to only such damage as he has suffered from a failure to deliver the stock, and in a suit on the contract he must prove the value of the stock.

3.   PAROL EVIDENCE—*To Explain Incomplete Contract.*—Where a written agreement provided that one of the parties was to render certain specified services, and " other services," but did not indicate what the " other services " were to be, parol evidence is admissible to show what other services were to be rendered.

Assumpsit, for services.   Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Heard in this court at the March term, 1897.   Reversed and remanded.   Opinion filed April 15, 1897.

BURTON & REICHMANN, attorneys for plaintiff in error.

ALBERT N. EASTMAN, attorney for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We deem it right, in view of the recent decision of the Supreme Court in Railway Passenger and Freight Conductors' Mutual Benefit Association v. Leonard, 166 Ill. 154, that the opinion of this court, filed March 15, 1897, be recalled and the case reconsidered; this being done upon the motion of this court.

The Supreme Court in the case referred to have, for the first time, considered and passed upon the question of the power of a trial court to extend the time for the filing of a bill of exceptions, without notice, at a term subsequent to that in which final judgment was entered, and hold that such extension may under such circumstances be made at any time during the term to which the time for filing has been extended.

In that case a final decree was rendered at the February term of the Superior Court of Cook County; at that term twenty days were given in which to file a certificate of evidence; by subsequent orders the time for such filing was extended to the April term of the court; and on April 18th an order was made extending the time five days from said date; this order was made without notice. The certificate was signed April 23d, and filed April 24th, being at the April term. The court say :

"The time fixed was a day of the April term of court, and the court did not lose jurisdiction of the matter until the end of that term. The court had the power at any time during the term to make a further extension of time, or to order that the certificate be filed *nunc pro tunc*. And while no such order was made, the certificate was filed during the term while the court retained jurisdiction of the matter, and its filing operated as an amendment of the decree in accordance with the order of the court while it had power to so amend it."

Under this holding it is apparent that the bill of exceptions in the case at bar was filed in apt time.

Appellant and appellee entered into the following contract:

" This agreement, made and entered into this 11th day of November, A. D. 1891, between Warren L. Scott, of the city of Norwich, State of New York, and Frederick L. Schnadt, of the city of Chicago, county of Cook, and State of Illinois, witnesseth:

That the said Frederick L. Schnadt, party of the second part, has rendered services to the said party of the first part in and about the incorporating of the Chicago Paragon Plaster Company, a corporation of the State of Illinois, and has agreed to render other services to said party of the first part in and about said organization.

Now, therefore, in consideration of the said services so rendered by said party of the second part to said party of the first part, said Warren L. Scott, party of the first part, hereby agrees to transfer to said Frederick L. Schnadt, as soon as said organization is completed and the said Scott has had issued to him the stock in said company for which he has subscribed—two hundred and fifty (250) shares of the capital stock of said Chicago Paragon Plaster Company—which shall be in payment of the services so rendered by said second party to said party of the first part. In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

W. L. Scott,    [Seal]

F. L. Schnadt [Seal]."

Previous and subsequent to the making of such contract appellee endeavored to obtain subscriptions to the stock of said Plaster company—obtaining subscriptions amounting to about $1,800. No stock of said company was ever issued. Appellant refused to issue the same, his reason being that it would be useless to do so unless $30,000 in money was raised with which to carry on the business of said company; and appellant claimed that the agreement with appellee was that he was to raise that sum for the company by a sale of its stock, and for such service was to have the 250 shares of stock mentioned in the contract.

The trial court during the progress of the trial virtually denied appellant an opportunity to present his defense.

. Appellee, if entitled to recover, is entitled to only such damages as he has suffered from a failure to give to him 250 shares of the stock of the company. What such damage is the record does not show.

As the agreement does not set forth what the " other services " mentioned in the agreement were to be, parol evidence is admissible to show what other services appellee was to render.

The judgment of this court heretofore entered will be set aside, and the judgment of the Superior Court reversed and the cause remanded.