## City of Evanston v. David P. O'Leary.

1. EMINENT DOMAIN—*When Proceedings May Be Abandoned.*—A city may abandon condemnation proceedings before possession has been taken, but after it has taken possession of the land, with the consent of the owner, it becomes liable to pay a judgment rendered in such

proceedings, and an action of assumpsit may properly be brought for the same.

2. CITIES AND VILLAGES—*Power of Council to Create Liability.*— Under Section 13, Art. 3, Chap. 24, R. S., the affirmative votes of seven members of a city council consisting of fourteen members, although they be a majority of those present, are not sufficient to bind the city upon any proposition that creates a liability against the city.

3. SAME—*Application of Sec. 13, Art. 3, Chap. 24, R. S.*—Where up to the time of the adoption of an order by a city council directing possession to be taken of property condemned for public use, no liability to pay the compensation existed against the city, and where all the acts of possession that followed the order were done in pursuance of the order and under no other right or authority—and the effect of such acts is to create a liability where none existed before, such an order is clearly within the spirit of Sec. 13, Art. 3, Chap. 24, R. S.

4. SAME—*Acts of Officer Under Void Order.*—The acts of an officer of a city in taking possession of property condemned for use as a street, where the officer had no such authority by virtue of his office, and acts only by virtue of an order of the city council, do not bind the city unless the order was a lawful one.

**Assumpsit,** on an award in condemnation proceedings. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Reversed and judgment here. Opinion filed May 6, 1897.

GEORGE S. BAKER, attorney for appellant.

To hold that the act of taking possession of the property of appellee condemned for municipal purposes is not an act creating liability against the city, is to reverse all of the holdings of the Supreme Court touching this subject. That was the express holding of the Supreme Court and of this court in Chicago v. Barbian, 80 Ill. 482; see Chicago & N. W. Ry. Co. v. Chicago, 148 Ill. 151; and City of Chicago v. Hayward, 60 Ill. App. 582.

MAHER & GILBERT, attorneys for appellee; JOHN MAYO PALMER, of counsel.

The mere taking possession of property for the purpose of a street, after the passage of a valid improvement ordinance, is clearly such a matter of detail and is of such purely administrative character that, if any action is required by the counsel to authorize it, such action is the appropriate

subject of an order or resolution as distinguished from an ordinance, and may, therefore, be lawfully taken by a majority of a quorum. Shaub v. City of Lancaster, 26 Alt. Rep. 1067; Fairchild v. St. Paul, 49 N. W. Rep. 325; Rushville Co., etc., v. Rushville, 23 N. E. Rep. 72.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

In a condemnation proceeding instituted by the appellant for opening, widening and extending a street, the appellee was awarded $8,925 as compensation for the taking and damaging of certain premises in which he held a leasehold interest, and a judgment of condemnation was duly entered.

After the award and judgment were had, and on April 30, 1895, the appellant repealed the ordinance, and the proceedings in condemnation were dismissed and all orders therein vacated by the court in which they were had.

This suit in assumpsit was begun upon such judgment upon the theory that possession of the condemned property had been actually taken by appellant, and the appellee having recovered, this appeal comes.

The correctness of the recovery turns upon the mixed question of law and fact, whether the appellant, with the consent of the appellee, took actual possession of appellee's property that was condemned.

If such possession were taken the recovery was rightful. City of Chicago v. Shepard, 8 Ill. App. 602; Rice v. City of Chicago, 57 Ill. App. 558; City of Chicago v. Hayward, 60 Ill. App. 582, and cases therein cited.

The facts claimed by appellee to constitute the taking of possession by the appellant are alleged in the declaration, as follows:

" And the plaintiff avers that on, to wit, the 9th day of October, 1894, the said defendant duly passed a resolution by its common council directing its commissioner of public works to immediately take actual and physical possession of all the plaintiff's said interest in said above described real estate, and that thereafter, to-wit, on the 10th day of

October, 1894, the said commissioner of public works took actual and physical possession of the plaintiff's said leasehold estate, under and by virtue of said resolution, and such condemnation ordinance, proceedings and judgment, with the consent of the plaintiff, for the purposes set forth in said ordinance, petition and proceedings.

And the plaintiff avers that said judgment, by reason of said defendant taking actual and physical possession of the plaintiff's interest in said real estate, and with the consent of the said plaintiff, became absolute."

The city council of appellant consisted of fourteen aldermen and the mayor, and the resolution referred to in the declaration, and introduced in evidence, received seven votes and was declared adopted by the mayor *pro tem.*

Section 13, Art.3, Chap. 24, entitled " Cities, Villages and Towns," Rev. Stat., Ill., provides :

" The yeas and nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city,    *    *    *    and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition."

Although less than fourteen aldermen were present and voting, the quoted section of the statute requires the concurrence of a majority of the fourteen " elected " members, and in our opinion no resolution adopted by a less number than a majority of fourteen, which seven manifestly was not, could bind the city upon any proposition that created a liability against the city.   City of San Francisco v. Hazen, 5 Cal. 169.

We do not mean to be understood that there can be no taking of possession of condemned property by a city, such as will render the city liable for the compensation that may have been awarded in condemnation proceedings, except it be done by, or in pursuance of, legislative action by the city council.   But where, up to the time of the adoption of an order by the council directing possession to be taken, no liability to pay the compensation existed against the city, and where, as here, all the acts of possession that followed

the order were done in pursuance of the order and under no other right or authority, and the effect of such acts would be to create a liability where none existed before, then, in such case an order of the kind relied upon here would be clearly within the spirit, if not the letter, of the restrictive clause of the statute.

The commissioner of public works, who went upon the premises with the appellee, went there in pursuance of the authority of the order in question, and his conduct constitutes everything, beyond the order itself, which is claimed amounted to taking possession. He had no authority by virtue of his office to take possession of the premises, and especially none where if by so doing a liability of the kind claimed by this suit would be created. City of Chicago v. Shepard, *supra*.

And acting only by virtue of the order his acts would not bind the city unless that order was a lawful one.

Up to the time of the purported adoption of the order in question there was nothing but a conditional judgment against the city, from which the city could become entirely relieved by abandonment of the proceedings in which the judgment was rendered, as was subsequently done. To change that condition into an absolute liability by the city to pay the amount of the judgment was to create a liability against the city, to do which required the concurring vote of more of the aldermen than was had in this case.

The order was an invalid one and conferred no lawful power upon the commissioner of public works to take possession of the property, even though we assume that what he did would have amounted to taking possession by the city had he been lawfully directed to do what was done by him. A motion to strike out the bill of exceptions was reserved to the hearing, and upon the authority of Railway Passenger and Freight Conductors Mut. Ben. Ass'n v. Leonard, 166 Ill. 154, followed by us in Scott v. Schnadt (70 Ill. App. 25, it will be denied.

Because no possession was taken by appellant, the judgment of the Circuit Court will be reversed, and judgment for the appellant will be entered here.