(No. 42929.—

DELANO, INC., Appellant, *vs.* WALTER C. ARNOLD, Appellee.

*Opinion filed Sept. 29, 1970.—Rehearing denied Dec. 3, 1970.*

BLAIR & BUYER, of Chicago, (ALLAN L. BLAIR, of counsel,) for appellant.

MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, of Chicago, (SHERWOOD K. PLATT and DAVID S. K. PLATT, of counsel,) for appellee.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of the Civil Division, and FRANCIS G. SOWA, and THOMAS E. BRANNIGAN, Assistant State's Attorneys, of counsel,) for *amicus curiae*.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case presents the narrow question of the relative rights of a tax purchaser, the appellant, Delano, Inc., and a property owner, the appellee, Walter C. Arnold, in an eminent domain award when the property that was sold for taxes is taken by an eminent domain proceeding which was commenced and completed during the period of redemption from the tax sale. The tax purchaser contends that it is entitled to the entire condemnation award.

The property in question was ordered sold for the nonpayment of real estate taxes for the year 1963. Since no bidders appeared at the annual tax sale, the property was forfeited on March 10, 1966, to the State of Illinois. (Ill. Rev. Stat. 1965, ch. 120, par. 727.) On June 22, 1966, the appellant purchased the lots in question pursuant to section 272 of the Revenue Act (Ill. Rev. Stat. 1965, ch. 120, par. 753), and certificates of purchase in amounts of $900.30 and $1,525.69 were issued. An eminent domain petition was filed by the city of Chicago on May 3, 1968, and judgment for the petitioner was entered on September 9, 1968. The amount of the award was deposited with the county treasurer on September 12, 1968. As extended, the period of redemption expired on October 9, 1968. The circuit court dismissed the tax purchaser's application for a tax deed

under section 266 of the Revenue Act (Ill. Rev. Stat. 1967, ch. 120, par. 747), and directed that the sum of $5,242.38, the amount necessary to redeem, be disbursed to the tax purchaser.

The parties agree that the issue presented is one of first impression.

The tax purchaser's contention that it is entitled to the entire award is based primarily upon the language of section 266 of the Revenue Act which provides: "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of said order, to issue to the purchaser or his assignee a tax deed." (Ill. Rev. Stat. 1967, ch. 120, par. 747.) Emphasizing that the statute provides that the court *"shall"* order the issuance of a deed, the tax purchaser argues: "Proper statutory construction of section 266 would mean that such a deed then passes title to any eminent domain award which stands as a substitute for the property."

The difficulty with this contention is that a tax deed is intended to convey title to the real estate involved. Section 266 of the Revenue Act expressly provides: "This section shall be liberally construed so that tax deeds herein provided for shall convey merchantable title." That section also provides: "The court may, and upon application therefor shall, issue a writ of assistance to put the grantee in possession of the real estate and may enter such orders and issue such writs as may be necessary or desirable to maintain the grantee in possession of the real estate." Ill. Rev. Stat. 1967, ch. 120, par. 747.

After an eminent domain proceeding has been completed and the award deposited with the county treasurer it is impossible for a tax deed to convey merchantable title. It is also impossible for the tax purchaser or his assignee to be put in possession of the property. The completion of the eminent domain proceeding thus of necessity terminates the right of the tax buyer to receive a tax deed. (See *Chicago Land Clearance Com.* v. *Narodski* (1965), 57 Ill. App. 2d 302, 305, n. 2.) Similarly, the completion of the eminent domain proceeding makes it impossible for the owner of the tax delinquent property to effect a redemption from the tax sale in the manner contemplated by the statute. The statute contemplates that a redemption from the sale will free the property from the lien of the tax sale certificate and restore to him the title which he previously had.

It is therefore clear that the decision of the trial court which returned to the tax purchaser the amount to which he was entitled, but dismissed his petition for a deed, was correct under the law as it existed when the order appealed from was entered.

The tax purchaser, however, has directed our attention to Senate Bill 1173 which was approved June 25, 1970, after this case had been submitted for decision. That amendment to section 266 of the Revenue Act provides: "In the event such real estate has been taken pursuant to the provisions of 'An Act to provide for the exercise of the right of eminent domain', approved April 10, 1872, as now or hereafter amended, the tax purchaser shall be entitled to the award which is the substitute for such real estate. This definition providing that eminent domain awards are to be substituted in lieu of the property and that tax deeds shall apply to such award shall be construed as declaratory of the existing law and not as a new enactment."

With respect to this enactment the tax purchaser contends: "It leaves no question but that the tax purchaser is entitled to the eminent domain award which stands in lieu

of the property. Since this current legislative enactment makes it clear that it is not a new enactment, this should put to rest all argument in this case and clearly indicate the trial court's order was erroneous." We cannot accept this contention.

The first sentence of the amendment relied upon provides that a tax purchaser is always entitled to an entire eminent domain award, even though the period of redemption has not expired when the eminent domain proceeding is completed. In our opinion this provision is clearly unconstitutional. It means that those owners whose property is not taken by eminent domain would be entitled to redeem from a tax sale during the statutory period of redemption, while those owners whose property happens to be taken for public use by eminent domain would have no right to redeem. There is no rational ground to support a provision which makes the relative rights of the tax purchaser and of the owner of the property depend upon the fortuitous circumstance that the property which was the subject of the tax sale has been acquired by a public agency in the exercise of the power of eminent domain.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*