The People of the State of Illinois, Plaintiff-Appellee, *v.* Clyde Junior Hicks, a minor, Defendant-Appellant.

(No. 11253; ▮▮▮▮▮▮▮

Fourth District—March 11, 1971.

Morton Zwick, of Defender Project, of Chicago, (Mathew J. Moran, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the defendant from a finding of the Macon County circuit court that he is a delinquent minor under the provisions of par. 2—2 of the Juvenile Court Act, Ill. Rev. Stat. 1967, ch. 37, par. 702—2, and committing him to the custody of the Illinois Youth Commission. We affirm.

For reversal, the defendant asserts (1) that the original petition filed against him did not charge an offense, (2) that the court was without authority to permit amendment of the petition without reswearing the petitioner, and (3) that he was denied due process of law since the petition was verified on information and belief.

The defendant was fifteen years old at the time of the offense. The

amendment to the petition allowed the State's Attorney to insert in the petition the words "to wit; a 1968 2-dr black and red Camaro owned by Paul Weidenbacher, d/b/a Weidenbacher Olds". The original petition was verified by the Assistant State's Attorney and the amendment to the petition was made by the same Assistant State's Attorney in his own handwriting at the conclusion of the State's evidence. No motion attacking the sufficiency of the petition was made prior to trial.

The contention that the provision of the Juvenile Court Act permitting such petitions to be filed on information and belief is a denial of due process has been set to rest by the Supreme Court since the filing of the defendant's brief in this court by its decision *In re Jones*, 46 Ill.2d 500, 263 N.E.2d 863. The court there stated in substance that it was the province of the Legislature to provide that such petitions be verified "upon information and belief" and that, although certain criminal formalities must be accorded a respondent at the adjudicatory stage of the juvenile process, this in itself does not require the extension of all criminal rights to every stage of the proceedings nor invalidate the legislative provision.

■■■ The original complaint stated that the defendant had "violated a law of the State of Illinois in that on July 28, 1969, he committed the the offense of theft exceeding $150.00 in value in violation of ch. 38, etc. (Correctly citing the section)." Cited in support of the proposition that this is fatally defective is *People v. Moore*, 21 Ill.App.2d 9, 157 N.E.2d 94, in which it was held error to amend an information without a reswearing. *People v. Moore* is not in point and does not apply to the situation that we have here because there the amended complaint stated an entirely separate and distinct crime. Here the amendment added nothing more than specificity as to the name and ownership of the car which had been stolen. The same information, if necessary, could have been obtained by a bill of particulars. While a bill of particulars will not aid a defective indictment or complaint, the defendant in this case, it must be remembered, is charged with being a delinquent; that is, with a violation of the Criminal Code. This was sufficiently charged in this complaint and the amendment added only the specifics shown by the evidence. While we would prefer that the specifics be included in the original complaint there was no denial of due process, no surprise and no prejudice shown to the defendant in this case. Indeed the defendant was apprehended as he ran from the Camaro. The court stated to defense counsel: "If you want a continuation for further investigation, I will do that. Can you claim surprise * * *?" Counsel: "No, your Honor, for the record I would object to the State being allowed to amend the petition". On this record to hold the procedure followed by the trial

court as a violation of due process or of any constitutional right is to elevate an old barnacle of common law technicality to the status of a substantial right. Neither justice nor due process requires it.

■■ It is quite correct that an indictment for theft is insufficient where the ownership of property allegedly stolen is not stated. (*People v. Berndt,* 101 Ill.App.2d 29, 242 N.E.2d 273.) This is true so that a party may be protected against double jeopardy. (*People v. Walker,* 7 Ill.2d 158, 130 N.E.2d 182.) Whether the requirements of the criminal law in this respect should be applied to a petition of this nature need not now be determined. Upon this record, there can be little question but that the respondent is protected from any subsequent prosecution of any type on this same offense by the very amendment made. *People v. Jankowski,* 391 Ill. 298, 63 N.E.2d 362.

Accordingly, the judgment of the circuit court of Macon County should be and it is hereby affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.