In re APPLICATION OF COUNTY COLLECTOR.—(D.R.G., INC., Petitioner-Appellee, v. JEROME GOODHART, Respondent-Appellant.)—THE CITY OF CHICAGO, Petitioner, v. MAE EDISON et al., Defendants-Appellants.—(D.R.G., INC., Defendant-Appellee.)

First District (2nd Division)   Nos. 77-268, 77-331 cons.

Opinion filed June 13, 1978.

Welfeld & Chaimson, of Chicago (Peter C. Alexander and Frederic I. Chaimson, of counsel), for appellants.

Allan L. Blair, of Chicago, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This is a consolidated case which involves the validity of a tax deed that was issued after a petition for condemnation was filed by the City of Chicago but prior to the City's deposit of the condemnation proceeds with the county treasurer and the subsequent award of these proceeds to the tax buyer. Case No. 77-268 is the appeal of an order dismissing a former owner's petition to vacate the tax deed. Case No. 77-331 is the appeal of the dismissal of the former owners' petition to vacate the trial

court's order directing the county treasurer to pay the proceeds of the condemnation award to D:R.G., Inc. Petitioners, Mae Edison, Bertha Wurmser, Harold Tautstein and Jerome Goodhart, contend that the trial court lacked jurisdiction to issue a tax deed subsequent to the date a petition for condemnation was filed, and they argue, therefore, that they are entitled to the condemnation proceeds.

We affirm.

Petitioners were the owners of real property located at 6111-6115 South Halsted Street in Chicago, Illinois. This property is part of the "Englewood Conservation Area." On April 22, 1974, D.R.G. paid two delinquent installments of two different special assessments made against this property. (Warrants No. 58204M and 58204, which amounted to $1,342.97 and $1,000.04 respectively, had been levied against petitioners' property for the purpose of defraying the cost of constructing and maintaining a pedestrian mall.) On March 5, 1976, D.R.G. filed a petition for a tax deed, and on March 8 it also extended the period of redemption from April 22, 1976, to August 3, 1976. On April 20, 1976, petitioners applied to the clerk of Cook County for an estimate of redemption for Warrants 58204M and 58204. Allegedly, the deputy court clerk prepared an estimate of redemption only for No. 58204M which was redeemed on April 28, 1976.

The City of Chicago filed a petition to condemn this property on April 21, 1976. On August 6 D.R.G. made application for an order directing the county clerk to issue a tax deed, claiming that the period of redemption for Warrant 58204 had expired and that all necessary notices had been served. The trial court granted this request on September 2, 1976, and the tax deed was issued later that day.

On September 15, 1976, judgment in the amount of $63,900 was entered on the City of Chicago's petition to condemn. This award was deposited with the county treasurer nine days later. On October 25, 1976, the trial court, in response to a petition by D.R.G., ordered the county treasurer to pay these proceeds to the tax buyer. On November 18 Edison, Wurmser, Tautstein and Goodhart filed a petition to vacate this distribution order, and on November 29 Goodhart filed a petition to vacate the tax deed pursuant to section 72 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) The trial court dismissed the section 72 motion on December 14, 1976, and the other motion was denied the following day. Notice of appeal as to both denials was filed on January 3, 1977.

The narrow question to be decided is whether a tax buyer is entitled to a condemnation award where he is issued a tax deed subsequent to the filing of the condemnation petition but prior to the posting of the condemnation proceeds.

Petitioners contend that, while title to condemned property does not

vest in the condemning agency until the compensation awarded by the judgment is paid or properly deposited, once such compensation is posted the title that passes to the condemnor by operation of law relates back to the date the condemnation petition was filed. They assert, therefore, that although title to 6111-6115 South Halsted Street did not vest in the City of Chicago until September 24, 1976, when the award of $63,900 was deposited with the county treasurer, it reverted back to April 21, 1976, once this action was taken. For this reason they argue that the trial court did not have jurisdiction to issue a tax deed to D.R.G. on September 2, 1976, since the City of Chicago held title to the property at that time. In support of this argument petitioners cite the following cases: *Delano, Inc. v. Arnold* (1970), 46 Ill. 2d 498, 263 N.E.2d 830, *cert. denied* (1971), 401 U.S. 994, 28 L. Ed. 2d 532, 91 S. Ct. 1233; *Board of Junior College District 504 v. Carey* (1969), 43 Ill. 2d 82, 250 N.E.2d 644; and *City of Chicago v. McCausland* (1942), 379 Ill. 602, 41 N.E.2d 745.

■■ We recognize the validity of the "relation back" doctrine for the purpose of fixing the valuation and the taxability of condemned property. (See *Chicago, Evanston & Lake Superior R.R. Co. v. Catholic Bishop* (1887), 119 Ill. 525, 532, 10 N.E. 372, 376.) However, it is our opinion that this theory has a limited application. We feel that it governs the rights between condemnor and condemnee, but not the rights of third parties such as tax purchasers. We base this determination on the established principle that the one who is entitled to receive the condemnation award is the person who is the owner when possession is taken or the payment of damages is made. (*Chicago & Iowa R.R. Co. v. Hopkins* (1878), 90 Ill. 316, 321; *Rice v. City of Chicago* (1895), 57 Ill. App. 558, 563-64.) This is true even where the property has been sold to another subsequent to the filing of the condemnation petition. (*Chandler v. Morey* (1902), 195 Ill. 596, 604, 63 N.E. 512, 515.) As is stated in Nichols on Eminent Domain:

> "[I]f the land is sold after condemnation proceedings have been instituted, but before the *punctum temporis* of the taking, the purchaser, and not the vendor, is entitled to the compensation unless the right to receive the compensation is expressly reserved by the vendor, or the vendee has waived his rights in favor of the vendor." (II Nichols, The Law of Eminent Domain §5.21 (1976).)

Nichols also states later in the same treatise:

> "[I]f * * * [a] judicial sale takes place while condemnation proceedings are pending, but before title has vested in the condemnor, the award is payable to such purchaser unless the parties involved have otherwise agreed * * *." II Nichols, The Law of Eminent Domain §5.21[2] (1976).

■■ The holding in *Delano*, which is the primary authority relied upon

by the petitioners, does not contradict this premise. There, as in the present matter, the petition for condemnation was filed during the period of redemption. However, in *Delano* the condemning agency also posted the damage award prior to the expiration of this period. Regarding this aspect, our supreme court stated:

> "After an eminent domain proceeding *has been completed* and *the award deposited with the county treasurer* it is impossible for a tax deed to convey merchantable title. It is also impossible for the tax purchaser or his assignee to be put in possession of the property. The completion of the eminent domain proceeding thus of necessity terminates the right of the tax buyer to receive a tax deed. * * *" (Emphasis added.) (46 Ill. 2d 498, 501.)

In view of this language, we feel that the court limited the effect of its holding to factual situations where the eminent domain proceeding has been completed prior to the termination of the period of redemption.

■■ Immediately prior to the completion of the condemnation proceedings on September 24, 1976, D.R.G., Inc., held title to the disputed property by virtue of the tax deed it was issued on August 6, 1976. Since respondent was the owner on the date title vested in the City of Chicago, it is entitled to receive the condemnation award of $63,900.

We note but do not consider petitioners' other arguments which we find to be without merit.

For the above stated reasons, we are of the opinion that the trial court's orders directing the issuance of the tax deed and the subsequent disbursement of the condemnation proceeds to D.R.G., Inc., are proper. Accordingly, these judgment orders are affirmed.

Affirmed.

STAMOS, P. J., and BROWN, J., concur.