*In re* THE DEPARTMENT OF TRANSPORTATION (The Department of Transportation, Plaintiff; Dennis Hoo Chung, Plaintiff and Cross-Defendant and Appellant; Lewis Andrews, Cross-Defendant and Appellee).

First District (3rd Division)   No. 88—68

Opinion filed August 3, 1988.

Richard Grossmam, of Dannen, Crane, Heyman & Simon, of Chicago, for appellant.

Clifford J. Shapiro, of Sachnoff, Weaver & Rubenstein, Ltd., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises from a condemnation suit by the Illinois Department of Transportation. Plaintiff Dennis Hoo Chung appeals from a decision of the trial court finding that defendant Lewis Andrews was entitled to the proceeds of the just compensation award in the amount of $10,000. The trial court found that defendant was entitled to the proceeds by virtue of an agreement whereby plaintiff granted defendant the right to the proceeds. On appeal, plaintiff claims that his ownership of the property at the time the condemnor took possession entitled him to the compensation award.

On August 18, 1985, plaintiff entered into a contract with defendant to purchase a parcel of improved real estate. The parties knew that a certain portion of the sale property would be condemned by the State but neither party knew the precise boundaries of the contemplated taking. The piece of property that was condemned subsequent to the parties' agreement is known as "Parcel 0001." In 1963, the State condemned a triangular piece of land adjacent to parcel 0001.

Plaintiff had previously rented the property he intended to purchase and a large sign related to his business (the Buy Low sign) was

located on the southeast corner of the property. The base of the sign was located on the property defendant was selling to plaintiff, but the top of the sign overhangs onto the property previously taken by the State. The August 18, 1985, contract included the following provision:

"Seller warrants that he has not sold the property on which the Buy Low free-standing sign now sits (Southeast corner of property)."

Plaintiff's broker-agent added this language to the contract to ensure that defendant had not sold to the State the property on which the base of the sign stood.

On December 2, 1985, the parties executed an addendum to the August 18 contract. The December 2 document, handwritten by defendant's counsel and at defendant's insistence, states:

"The Seller shall be entitled to the proceeds from the sale of the property where the sign is located from the state."

On December 3, 1985, defendant executed a deed to plaintiff conveying all the property formerly owned by defendant including the portion of the southeastern corner of the property on which the sign was located.

On September 10, 1986, the Department filed a complaint seeking to condemn the entire southeastern corner of the property, including the property on which the sign was located. After a hearing, the trial court entered an order setting preliminary compensation for the taking of $10,000. The Department deposited the money with the county treasurer and the court entered an order vesting title to the parcel in question in the Department.

Plaintiff and defendant both filed cross-motions before the trial court contending that each was entitled to the $10,000 just compensation. After an evidentiary hearing, the trial court entered an order finding that defendant was entitled to the compensation.

On appeal, plaintiff maintains that as owner of the property when the condemnation took place, he is entitled to the compensation award, and further, that the contract addendum upon which defendant rests his claim is ambiguous and thus must be construed strictly against defendant, as he was the drafter of the clause.

■ Generally, the person who is the owner of the property when possession is taken is entitled to the condemnation award. (*In re Application of County Collector* (1978), 63 Ill. App. 3d 506, 377 N.E.2d 1230, citing 2 P. Nichols, The Law of Eminent Domain §5.21 (1976).) This general rule may be avoided, however, where it is evident that the parties agreed that the seller will receive condemnation proceeds notwithstanding the sale of the property. See *Application of County Col-*

*lector*, 63 Ill. App. 3d 506, 377 N.E.2d 1230, citing 2 P. Nichols, The Law of Eminent Domain §5.21(2) (1976) (stating that if a sale takes place while condemnation proceedings are pending, but before title has vested in the condemnor, the award is payable to the purchaser *unless the parties involved have otherwise agreed*).

At the evidentiary hearing, plaintiff and his agent-broker, Scott Gendell, testified on plaintiff's behalf. Plaintiff testified that he knew of the condemnation of the triangular parcel in 1963 and therefore knew that the expected condemnation could not include this triangular piece of property. Plaintiff knew some of the property involved in the sale would be condemned but he did not know the precise boundaries of the taking. Plaintiff also testified that to ensure his purchase would include the property containing the base of the sign, he demanded the August 18, 1985, contract to recite that the "[s]eller warrants that he had not sold the property on which the Buy Low free-standing sign now sits (Southeast corner of the property)." By this, plaintiff understood that the property under the base of the sign would be conveyed to him upon closing.

Gendell, who was negotiating on behalf of plaintiff, testified that he did not know about the triangular piece condemned by the State in 1963 and that he believed this triangle was in fact the piece being condemned. Gendell testified that he was informed a triangular piece was to be excluded from the sale but that "[w]e didn't know where the triangle ended and we were afraid that it might in fact include the sign."

Evidence was adduced that on December 2, 1985, Fred Hasselon, the attorney negotiating the terms for defendant, made an addendum to the agreement. Hasselon handwrote the words "[t]he seller shall be entitled to the proceeds from the sale of the property where the sign is located from the state." Plaintiff testified that he did not remember ever seeing the page upon which this addendum is written.

Hasselon testified that during negotiations, he agreed with Arnold Goldstein, plaintiff's lawyer, that defendant would be entitled to the proceeds from the expected condemnation. Goldstein did not testify. According to Hasselon, he and Goldstein also discussed the fact that the sign might have to be removed if the condemnation included that property where the sign was resting. Thus, pursuant to the addendum of December 2, the parties confirmed that plaintiff would receive the piece of land where the sign stood and defendant would receive the proceeds from the expected condemnation, and that if the condemnation required the sign to be moved, plaintiff and his real estate agents would split the cost of removing the sign. The parties stipulated that the December 2 letter agreement is part of their contract.

██ The trial court rejected the testimony of Gendell as inconsistent with both the testimony of plaintiff and Hasselon. In addition, the trial court found Gendell's testimony to be inconsistent with the contract, which states that defendant is to receive the proceeds from the condemnation of the land where the sign is located. The trial judge as trier of fact is in a position superior to a court of review to observe the conduct of witnesses while testifying, to determine their credibility, and to weigh the evidence, especially where testimony is contradictory. (See *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Where the factual findings of the trial court are not against the manifest weight of the evidence, they must be accepted by this court. *Agrinetics, Inc. v. Stob* (1980), 90 Ill. App. 3d 107 , 412 N.E.2d 714.

██ The decision of the trial court that the parties intended defendant to receive the proceeds of the condemnation is amply supported by the evidence. Notwithstanding Gendell's apparent misunderstanding regarding the condemnation, plaintiff knew of the previous condemnation and knew that the contemplated taking could not include this triangular parcel. Plaintiff admitted that his concern was whether the contemplated taking would include the land on which the base of the sign sits. All parties agreed that the contemplated taking could include this property and thus they made provisions for the removal of the sign in the event that the taking included the property in question. the parties agreed in writing that defendant shall be entitled to the proceeds from the sale of the land where the sign is located.

Plaintiff claims the trial court ignored the obvious ambiguity in the contract regarding the language "where the sign is located," and violated the rules of construction dictating that any ambiguity be strictly construed against the drafter of the contract. The ambiguity was created by Gendell and was not evident from the testimony of plaintiff. The trial court resolved the ambiguity consistent with the evidence before it and the written agreement of the parties, and we refuse to interfere with this finding of the trial court.

██ Without discussion, we reject as meritless defendant's argument that he should be awarded costs and attorney fees for defending this appeal.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.